Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Jose Hugo Martinez Sierra*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE HUGO MARTINEZ SIERRA**<br><br>                              **Plaintiff,**<br><br>    **v.**<br><br>**CHECKR, INC.**<br><br>                              **Defendant.** | **CIVIL ACTION NO. 2:16-CV-8531**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer, Jose Hugo Martinez Sierra, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681 *et seq., as amended* and the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786.1, *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.     Plaintiff Jose Hugo Martinez Sierra is an adult individual residing in Los Angeles, CA.

5.     Defendant Checkr, Inc. ("Checkr") is a business entity that regularly conducts business in the Central District of California, which has a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

**FACTUAL ALLEGATIONS**

6.     In or around June 2016, Plaintiff applied for a position with Uber Technologies, Inc. ("Uber").

7.     The position Plaintiff applied to, and the position Uber was hiring for, was located in Los Angeles, CA.

8.     As part of his job application, Plaintiff signed a document purportedly authorizing Uber to obtain a consumer report for employment purposes.

9.     Uber requested a consumer report from Checkr, and Checkr sold to Uber a consumer report concerning the Plaintiff on or around June 7, 2016.

10.    The report furnished by Checkr was for employment purposes.

11.    This consumer report contained at least two items of information which were a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Uber.

12.    Defendant Checkr has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT
DEMAND FOR JURY TRIAL

13.    The inaccurate information includes, but is not limited to, criminal offense records.  These records appear on the consumer report Checkr sold about Plaintiff to Uber as follows: "GUILTY- MISDEMEANOR THEFT OF PROPERTY" and "GUILTY- MISDEMEANOR FAIL TO PAY FINES AND COSTS."

14.    The inaccurate information grossly disparages the Plaintiff and portrays him as a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.  The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information.

15.    The derogatory inaccuracies appear to be caused by the Defendant mixing Plaintiff, Jose Hugo Martinez Sierra's consumer report with that of Jose Martinez. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

16.    In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  For example, Defendant allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, with a different middle name and social security number, within Plaintiff's consumer report.

17.    Additionally, Checkr does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2) and Cal. Civ. Code § 1785.18(b).  If Checkr had maintained such procedures it would not have falsely reported criminal information belonging to a stranger on Plaintiff's consumer report.

18.    Plaintiff was subsequently denied employment at Uber and Plaintiff was informed by Uber that the basis for this denial was the inaccurate criminal

information that appears on Plaintiff's Checkr consumer report and that the inaccurate information was a substantial factor for the denial.

19.    As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## <u>COUNT ONE – VIOLATIONS OF THE FCRA</u>
### **(Plaintiff v. Defendant)**

22.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.    At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24.    At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25.    At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the

1  requirements imposed on a consumer reporting agency of information pursuant to
2  15 U.S.C. §§ 1681e(b) and 1681k.

3       27.     The conduct of Defendant was a direct and proximate cause, as well
4  as a substantial factor, in bringing about the serious injuries, actual damages and
5  harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable
6  to the Plaintiff for the full amount of statutory, actual and punitive damages, along
7  with the attorneys' fees and the costs of litigation, as well as such further relief, as
8  may be permitted by law.

9  ## COUNT TWO – VIOLATIONS OF THE ICRAA
10  ### (Plaintiff v. Defendant)
11  *Violation of ICRAA Cal.Civ.Code 1786.20*

12       28.     Plaintiff incorporates the foregoing paragraphs as though the same
13  were set forth at length herein.

14       29.     Defendant is an "investigative consumer reporting agency" as
15  defined by Cal. Civ. Code § 1786.2(d).

16       30.     Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §
17  1786.2(b).

18       31.     The above-mentioned consumer reports were "investigative
19  consumer reports" as that term is defined by Cal. Civ. Code § 1786.2(c) and were
20  provided to potential employers for employment purposes, as that term is defined
21  by Cal.Civ.Code. §1786.2(f).

22       32.     Pursuant to Cal. Civ. Code § 1786.20, Defendant is liable for
23  violating the ICRAA by failing to follow reasonable procedures to assure
24  maximum possible accuracy of the information concerning Plaintiff.

25       33.     The conduct of Defendant was a direct and proximate cause, as well
26  as a substantial factor, in bringing about the serious injuries, actual damages and
27  harm to the Plaintiff that are outlined more fully above and, as a result, Defendant

1   is liable to the Plaintiff for the full amount of statutory, actual and punitive

2   damages, along with the attorneys' fees and the costs of litigation, as well as such

3   further relief, as may be permitted by law.

4                                           **JURY TRIAL DEMAND**

5         34.    Plaintiff demands trial by jury on all issues so triable.

6                                         **PRAYER FOR RELIEF**

7         WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

8                  (a)     Actual damages;

9                  (b)     Statutory damages;

10               (c)     Costs and reasonable attorney's fees; and

11               (d)     Such other and further relief as may be just and proper.

13                               Respectfully Submitted,

14                               TATAR LAW FIRM, APC

16         BY: _____

17                               Stephanie Tatar

18                               Attorney for Plaintiff

19   DATE: November 16, 2016

COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT
DEMAND FOR JURY TRIAL